**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**ALEXIS A. LIEN, OSB #110569**
alexis.lien@usdoj.gov
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, Oregon  97204-2902
Telephone: (503) 727-1000
Attorneys for the United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **3:19-cv-00662-MA** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT,** *in rem*, **FOR FORFEITURE** |
| **$28,240.00 in U.S. CURRENCY,** *in rem*, | |
| **Defendant.** | |

Plaintiff, United States of America, by Billy J. Williams, United States Attorney for the

District of Oregon, and Alexis A. Lien, Assistant United States Attorney, for its Complaint *in rem*

for forfeiture, alleges:

I.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to

21 U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

II.

Defendant, *in rem*, $28,240.00 in U.S. currency, was seized in the District of Oregon, and is now and during the pendency of this action will be within the jurisdiction of this Court.

III.

Defendant, *in rem*, $28,240.00 in U.S. currency, represents proceeds traceable to an exchange for controlled substances or was used or intended to be used to facilitate such a transaction in violation of 21 U.S.C. § 801, *et. seq.*, and is forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6), as more particularly set forth in the Declaration of Postal Inspector David Hardin, United States Postal Inspection Service, marked as Exhibit A, attached and fully incorporated herein by this reference.

WHEREFORE, Plaintiff, United States of America, prays that due process issue to enforce the forfeiture of Defendant, *in rem*, $28,240.00 in U.S. currency, that due notice be given to all interested persons to appear and show cause why forfeiture of this Defendant, *in rem*, should not be decreed; that due proceedings be had thereon; that this Defendant be forfeited to the United States; that the Plaintiff United States of America be awarded its costs and disbursements incurred in this action.

Dated: **April 30, 2019**.                    Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/ Alexis A. Lien*
**ALEXIS A. LIEN**

**Complaint *in rem* for Forfeiture**                                                **Page 2**

**VERIFICATION**

I, DAVID HARDIN, declare, under penalty of perjury, pursuant to the provisions of 28 U.S.C. Section 1746, that I am a Postal Inspector with the United States Postal Inspection Service, and that the foregoing Complaint *in rem* for Forfeiture is made on the basis of information officially furnished and upon the basis of such information the Complaint *in rem* for Forfeiture is true as I verily believe.

*s/ David Hardin*
DAVID HARDIN
Postal Inspector
United States Postal Inspection Service

## DECLARATION of DAVID HARDIN

I, DAVID HARDIN, do hereby declare:

## PURPOSE OF THIS DECLARATION

1.       This declaration is submitted in support of a complaint, *in rem*, for forfeiture of $28,240.00 U.S. currency.   The information contained in this declaration is based on an investigation conducted by United States Postal Inspector David Hardin and will show that $28,240.00 in U.S. currency from U.S. Priority Mail Express parcels EE268067624US and EM027609271US is subject to forfeiture pursuant to 21 U.S.C § 881(a)(6), as moneys furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate violations of 21 U.S.C. § 801, *et seq*.  Information contained in this declaration is based upon my personal observations, training, and experience, and that of other law enforcement officers.  This declaration does not contain each and every fact that I know about this investigation, only those necessary to establish probable cause to believe the seized currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## AGENT BACKGROUND AND TRAINING

2.       I am a Postal Inspector with the United States Postal Inspection Service (USPIS) and have been since 2018.  I am currently assigned to the Portland, Oregon Domicile Office of the USPIS.  As a U.S. Postal Inspector, I am authorized to investigate crimes involving offenses relating to the United States Postal Service (USPS).  As part of my duties, I investigate incidents where the United States mail system is used for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, methamphetamine, and heroin, as well as proceeds of the sale of controlled substances.  During the course of my USPIS employment, I

**Declaration of David Hardin**                                                      **EXHIBIT A   PAGE 1**

applied for, received, and executed more than 10 federal search warrants in the investigation of offenses relating to the USPS.

3.      I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct investigations and to make arrests for federal offenses.  My training and experience includes a Bachelor of Arts in Political Science.  From July 2009 to February 2018, I served as a U.S. Secret Service Special Agent.  Prior to my U.S. Secret Service career, I served five years in the Navy, achieving the rank of Lieutenant.

4.      In December 2008, I attended the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (F.L.E.T.C.) in Glynco, Georgia.  This training covered the investigation of violations of federal laws, the process of criminal investigations, and the judicial process.  Following the training at F.L.E.T.C., I attended the Secret Service training academy in Beltsville, Maryland.  This training focused specifically on investigating violations of the federal laws that the Secret Service investigates, including bank fraud, wire fraud, counterfeiting, and cyber-crimes.

5.      During the course of my employment with the Inspection Service and the Secret Service, I conducted or participated in criminal investigations involving burglary, robbery, assault, mail theft, identity theft, credit card fraud, bank fraud, threatening communications, threats against protectees of the U.S. Secret Service, the manufacture of counterfeit currency, mail fraud, the unlawful mailing of dangerous controlled substances, the fraudulent use of stolen or forged Postal Money Orders, the fraudulent use of stolen credit card information to purchase merchandise, and the shipping of that merchandise through the U.S. Mail.  In October 2018, I completed a USPIS training course on Prohibited Mailings involving narcotics.

**Declaration of David Hardin**                                         **EXHIBIT A   PAGE 2**

**BACKGROUND ON CONTROLLED SUBSTANCES SENT THROUGH THE U.S. MAIL**

6.      I know from my training and experience that drug traffickers frequently use U.S. Postal Service Priority Mail Express and Priority Mail services to ship controlled substances, including marijuana, cocaine, heroin, and methamphetamine.  I know from my training and experience that illegal drug recipients often use U.S. Postal Service Priority Mail Express and Priority Mail services to ship the proceeds of the illegal sale of controlled substances, or moneys used or intended to be used to facilitate the illegal sale of controlled substances, in cash, or other controlled substances, to suppliers of controlled substances.  I know from training and discussions with other law enforcement officers that these controlled substances, proceeds of the illegal sale of controlled substances, and funds related to the facilitation of the illegal sale of controlled substances are often found during parcel investigations and interdictions.

7.      Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know Oregon is a marijuana source state for the mailing of controlled substances to destination locations across the United States.  Current Oregon state laws permitting the recreational and medical growth, purchase, and possession of marijuana provide individuals with significant quantities of marijuana, which can be illegally mailed to other states where marijuana is illegal or less available.  Accordingly, marijuana sales are substantially more profitable outside the state of Oregon than they are inside the state of Oregon.

8.      Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators often exist when drug traffickers use the U.S. mails to ship controlled substances, proceeds of the sale of controlled substances, or funds to facilitate the sale of controlled substances from one location to another.

**Declaration of David Hardin**                                                        **EXHIBIT A   PAGE 3**

9.      Drug traffickers use U.S. Postal Service Priority Mail Express and Priority Mail services because of the reliability of delivery, speed of delivery, low cost, the customer's ability to track the package's shipment online, as well as the low risk of detection by law enforcement. Shippers using U.S. Postal Service Priority Mail Express and Priority Mail services pay for the benefit of being able to confirm the delivery of the parcel by checking the U.S. Postal Service website or calling a toll-free number.  I know from my training and experience the corresponding weights and prices of U.S. Postal Service Priority Mail Express and Priority Mail outbound marijuana parcels from Oregon to non-source states typically range from ten (10) to thirty (30) pounds and cost from $40 to $100.

10.      I know from my training and experience that U.S. Postal Service Priority Mail Express is used primarily for business-related mailings.  Unlike typical U.S. Postal Service Priority Mail Express business mailings, which usually have typed labels, packages containing controlled substances, proceeds, and/or facilitation funds often have handwritten address information.  The handwritten label on U.S. Postal Service Priority Mail Express packages containing controlled substances and/or proceeds usually does not contain a business account number and/or credit card number.  This is an indication that the sender likely paid cash.  A credit card or business account number would more likely enable law enforcement officers to connect the package to identifiable individuals.  I further know that drug traffickers who use U.S. Postal Service Priority Mail Express services often either waive or do not request a recipient signature upon delivery of the mail parcel. This can allow the parcel to be delivered without the addressee or the addressee's agent having to sign for the parcel, contingent upon the parcel being left in a secure location at the address.

11.      I know from my training and experience that drug traffickers who mail controlled substances, and the drug purchasers who send payment in the form of cash or other drugs, often

use false or incomplete information in labeling the parcels.  In this way, drug traffickers can distance themselves from the package containing controlled substances, the proceeds of the sale of the controlled substances, or facilitation funds in the event the package is intercepted by law enforcement.

12.     I know from my training and experience that drug traffickers who mail controlled substances, proceeds of the illegal sale of controlled substances, and facilitation funds are often aware that parcels are inspected by trained canines.  Accordingly, drug traffickers often attempt to wrap their parcels, and the contents of their parcels, in a manner they believe will disguise the odor and contents of the items in the parcels.  In order to conceal the distinctive smell of controlled substances from certified controlled substance detection canines, these packages are sometimes sealed with the use of tape around the seams.  Also, the parcels often contain other parcels which are carefully sealed to prevent the escape of odors.  Sometimes perfumes, coffee, dryer sheets, tobacco, or other strong-smelling substances are used to mask the odor of the controlled substances, proceeds of the illegal sale of controlled substances, and/or facilitation funds being shipped.

**SUMMARY OF INVESTIGATION OF U.S. PRIORITY MAIL EXPRESS PARCELS**
**EE268067624US and EM027609271US**

13.     On November 15, 2018, I went to the Portland Processing and Distribution Center/Facility (PDC/PDF), located at 7007 Cornfoot Rd., Portland, OR 97218 as part of my regular investigatory duties.  I reviewed parcels for delivery in Oregon that were mailed from other states.  While reviewing parcels, I noticed U.S. Priority Mail Express parcel EE268067624US (hereinafter "Subject Parcel 1") and saw that the parcel was addressed from "G. Gorton, XXXX Ahab Rd., S. Yarmouth, MA 02664" and to "Brian Newcomb, XXXX NE 7th St., Bend, OR 97701."  The parcel weighed 3 pounds, 13 ounces, the scheduled date of delivery was November

**Declaration of David Hardin**                                    **EXHIBIT A   PAGE 5**

16, 2018 before 3:00 PM, and the mailer paid $56.80 in cash to purchase the postage.  I noticed the mailing label was handwritten and it appeared it was addressed from a private individual to another private individual.

14.     The "Signature Required" service on USPS Priority Mail Express parcels requires the parcel be received by an individual who must sign for the parcel and provide their name.  I know from my training and experience that drug traffickers who mail controlled substances, and the drug purchasers who send payment in the form of cash or other drugs, normally do not request the Signature Required service to avoid law enforcement identifying the true recipient of parcels. In this way, drug traffickers can distance themselves from the package containing controlled substances or from the proceeds of the sale of the controlled substances in the event the package is intercepted by law enforcement.  I observed the Signature Required box on the label of Subject Parcel 1 was not checked by the mailer.

15.     I know people use Priority Mail Express services for parcels containing items they consider valuable, important or requiring rapid delivery and will often include their phone number on the mailing label spaces provided so the postal service may contact them in the event a parcel is mis-shipped, damaged, or the delivery address is illegible.  I noticed the Subject Parcel 1 did not display telephone numbers for the sender or recipient.  Based on my training and experience, I know drug traffickers often choose not to include phone numbers, or put incorrect phone numbers on parcels, as they are often aware that phone numbers can be traceable to their own names or physical location.

16.     I conducted open source and law enforcement searches and determined the sender, "G. Gorton," does not associate with the sender address. Additionally, the address listed for the sender is fictitious. The recipient, "Brian Newcomb," associates with the recipient address.

**Declaration of David Hardin**                                          **EXHIBIT A   PAGE 6**

17.     I reviewed USPS business records and located two (2) Priority Mail Express parcels sent from the Subject Parcel 1 sender city to the Subject Parcel 1 recipient address since October 2018.  The parcels were mailed from South Yarmouth, MA to Bend, OR on October 15, 2018 and November 14, 2018, respectively.

18.     Continuing on November 15, 2018, I reviewed USPS business records and identified U.S. Priority Mail Express parcel EM027609271US (hereinafter "Subject Parcel 2") in the mail stream destined for delivery to the Subject Parcel 1 recipient address.  I observed Subject Parcel 2 was mailed approximately 30 minutes after Subject Parcel 1 from different post offices that are 4 miles apart from one another.

19.     I know from my training and experience that drug traffickers who mail controlled substances, and the drug purchasers who send payment in the form of cash or other drugs, sometimes send multiple small parcels, in close succession, from different post offices, instead of sending one larger parcel.  In this way, drug traffickers can minimize losses suffered if law enforcement officials intercept parcels containing controlled substances, the proceeds of the sale of the controlled substances, or facilitation funds.

20.     On November 16, 2018, Portland Police Bureau High Intensity Drug Trafficking Area Interdiction Team Officer S. Groshong, a Certified Controlled Substance Dog Handler, and his certified controlled substance detection dog, Rex, responded to the USPIS Portland Domicile located at 7007 NE Cornfoot Rd., Portland, OR 97218.  I prepared a "line" of parcels of similar size and appearance to Subject Parcel 1.  H.I.T. Officer Groshong and his certified controlled substance detection dog Rex "proofed" the line and the area surrounding the line.  Proofing a line of parcels is the process by which a controlled substance dog handler deploys a controlled substance detection dog on a line of control parcels to confirm that none of the control parcels are

**Declaration of David Hardin**                                          **EXHIBIT A   PAGE 7**

emitting the odor of controlled substance the controlled substance detection dog is trained to detect. Officer Groshong stated Rex did not alert to the presence of the odor of controlled substance on the parcels in the line or the area surrounding the line at that time. Officer Groshong and Rex left the immediate area and I put Subject Parcel 1 in the line in a position unknown to Officer Groshong and Rex. Officer Groshong returned to the line and deployed Rex on the line of parcels. Officer Groshong told me Rex alerted, in the manner he is trained, to the presence of the odor of controlled substance on Subject Parcel 1. Rex did not alert to any of the other parcels in the line. Continuing on November 16, 2016, at approximately 10:00 PST, I contacted USPS employees in Bend, OR regarding Subject Parcel 2. They told me the sender and recipient addresses on Subject Parcel 2 were the same as the sender and recipient addresses on Subject Parcel 1. I requested the USPS Bend employees send Subject Parcel 2 to me for further investigation.

21.    Continuing on November 16, 2018, at 09:47 PST and 10:56 PST, I scanned Subject Parcels 1 and 2, respectively, as "Seized by Law Enforcement" in the USPS Product Tracking and Reporting (PTR) system. PTR is the system that allows customers to check and/or receive updates to the progress of parcels as they travel through the USPS delivery system. The "Seized by Law Enforcement" entry tells the customer to contact the USPIS to make inquiries about the status of seized parcels.

22.    Continuing on November 16, 2018, Brian Newcomb contacted the USPIS inquiring about the status of the seized parcels, Subject Parcels 1 and 2. Mr. Newcomb left a message requesting a Postal Inspector return his call regarding the parcels.

23.    On November 17, 2018, Postal Inspector Adam Sale received Subject Parcel 2 at the USPIS Portland Domicile. Subject Parcel 2 was addressed from "G. Gorton, XXXX Ahab Rd., S. Yarmouth, MA  02664" and to "Brian Newcomb, XXXX NE 7th St., Bend, OR  97701."

The parcel weighed 4 pounds, 5 ounces, the scheduled date of delivery was November 16, 2018 before 3:00 PM, and the mailer paid $56.80 in cash to purchase the postage.  I noticed the mailing label was handwritten and it appeared it was addressed from a private individual to another private individual.

24.     The area provided for the sender and receiver telephone numbers on Subject Parcel 2 were blank and the Signature Required box was not checked.

25.     Continuing on November 17, 2018, Officer Groshong and his certified controlled substance detection dog, Rex, responded to the USPIS Portland Domicile.  Inspector Sale placed Subject Parcel 2 in the USPIS Portland Domicile Administrative Office area previously searched by Officer Groshong and Rex.  Officer Groshong and Rex were not present when Subject Parcel 2 was placed in the USPIS Portland Domicile Administrative Office area.  Rex was directed by Officer Groshong to examine the USPIS Portland Domicile Administrative Office area.  Officer Groshong told Inspector Sale that Rex alerted on Subject Parcel 2 in the manner that he was trained to alert when he detects the odor of a controlled substance, and did not alert on any other objects or locations in the USPIS Portland Domicile Administrative Office area.

26.     On November 19, 2018, members of the USPIS Portland Domicile contacted Brian Newcomb at telephone number 515-XXX-7458.  Newcomb stated he was expecting music equipment from an acquaintance in the Cape Cod region of Massachusetts.  Newcomb further stated he did not have knowledge of what the parcels contained and declined a consent request by the USPIS to open the parcels.  In addition, Newcomb stated he did not compensate the sender for the parcels at this time and also stated he has not previously received any parcels from the same sender.  Newcomb stated he was just beginning a music equipment business relationship with the sender and would discuss compensation at a later date.

**Declaration of David Hardin**                                    **EXHIBIT A   PAGE 9**

27.    On November 20, 2018, members of the USPIS Portland Domicile again contacted Brian Newcomb at telephone number 515-XXX-7458.  Newcomb provided telephone number 508-XXX-5634 for the sender of Subject Parcels 1 and 2, Garrett Gorton.  Newcomb reiterated that he expected the parcels to contain music equipment and nothing else.

28.    A review of law enforcement databases reveals the telephone number provided by Newcomb for Garrett Gorton, 508-XXX-5634, connects back to Gary Gorton, 23 Centerboard Ln., South Yarmouth, MA 02664.   In addition, USPS business records reveal the address, 23 Centerboard Ln., South Yarmouth, MA, has received five Priority Mail parcels sent from Bend, Oregon since September 2018.  All five of the parcels delivered to the 23 Centerboard Ln address weighed from 12 to 15 pounds, indicative of the mailings of controlled substances from Oregon to non-marijuana source states.  A social media search of Garrett Gorton in the South Yarmouth, Massachusetts area revealed numerous images of marijuana, marijuana paraphernalia, and Butane Hash Oil (BHO).  BHO or cannabis oil is an oleoresin obtained by the extraction of cannabis or hashish.  It is a concentrated form of the plant containing many of its resins and terpenes – in particular, tetrahydrocannabinol, cannabidiol, and other cannabinoids.  It is often called honey oil due to its resemblance to the sweet viscous substance.  BHO extraction is more often used for purer, clearer forms of marijuana concentrate such as glass and shatter.

29.    Continuing on November 20, 2018, members of the USPIS Portland Domicile contacted Garrett Gorton via telephone 508-XXX-5634.  Gorton stated the two parcels sent to Brian Newcomb in Bend, Oregon contained electronics and did not contain prohibited mailing items, including currency.  Gorton denied a request by the USPIS to open the parcels via consent.  Additionally, Gorton stated this was the first time he conducted business with Newcomb in Oregon.  Gorton denied ever receiving any parcels from Bend, Oregon and further denied ever

**Declaration of David Hardin**                                             **EXHIBIT A   PAGE 10**

receiving any parcels weighing 12 to 15 pounds.  Members of the USPIS Portland Domicile asked Gorton if he was a user of controlled substances.  Gorton stated he was not a user of controlled substances.  Investigators asked why pictures posted on Gorton's social media account included marijuana.  Gorton agitatedly stated the images were old and ended the telephone call.  A review of Gorton's social media account following the telephone conversation revealed the account was no longer accessible to the public and was now listed as "private."

30.    Continuing on November 20, 2018, members of the USPIS Portland Domicile again contacted Brian Newcomb via telephone.  Newcomb denied receiving parcels from Gorton on previous occasions or sending out any parcels to Gorton.  Newcomb stated he did not expect anything other than electronic equipment in the subject parcels, and stated that he did not expect the parcels to contain currency and/or controlled substances.

31.    On November 21, 2018, The Honorable John V. Acosta, for the United States District Court for the District of Oregon, signed a search warrant to permit the inspection of Subject Parcels 1 and 2.  On November 28, 2018, in the presence of Postal Inspector Adam Sale, I opened Subject Parcel 1.  Subject Parcel 1 contained $13,240.00 in U.S. currency (49 x $100, 12 x $50, 372 x $20, 19 x $10, 20 x $5, 10 x $1) concealed within a Sony DVD Player box.  The currency was wrapped in carbon paper and had been placed inside the DVD player itself.  Continuing on November 21, 2018, in the presence of Postal Inspector Adam Sale, I opened Subject Parcel 2. Subject Parcel 2 contained $15,000.00 in U.S. currency (30 x $100, 47 x $50, 473 x $20, 16 x $10, 5 x $5, 5 x $1) concealed within a Sony DVD Player box.  The currency was wrapped in carbon paper and had been placed inside the DVD player itself.

**Declaration of David Hardin**                                                    **EXHIBIT A   PAGE 11**

**CONCLUSION**

32.     Based on the foregoing information, I have probable cause to believe, and do believe, that the $28,240 in U.S. currency seized from U.S. Priority Mail Express parcels EE268067624US and EM027609271US are subject to forfeiture pursuant to 21 U.S.C. §881(a)(6), as moneys furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate violations of 21 U.S.C § 801, *et. seq*.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. §1746.

Executed this 29th day of April 2019.


*s/ David Hardin*
David Hardin
Postal Inspector
United States Postal Inspection Service

**Declaration of David Hardin**                                      **EXHIBIT A   PAGE 12**

🖎 JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
Plaintiff
- ☐ 2  U.S. Government
Defendant
- ☐ 3  Federal Question
(U.S. Government Not a Party)
- ☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V.  ORIGIN     (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☐ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____